Genoveva Carmen Georgina, Sara Marina, Carlos Manuel, Aida Nicanora y Bernardina Gracia Violeta Martínez y Pecunia, recurrentes, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 746.—*Sometido:* Enero 17, 1929. *Resuelto:* Abril 8, 1929.

*Enrique Báez García,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Los seis condueños de una finca rústica otorgaron escritura pública para hacer cesar la comunidad con uno de ellos y con tal fin hicieron constar que la finca tiene un valor de $1,610; que uno de ellos tiene en la misma un condominio de 8/14 partes, que son $920 en su valor, teniendo los otros cinco un condominio de 6/14 partes equivalentes a $690; y que dividían la finca en dos porciones, adjudicando una al condueño de 8/14 partes y la otra a los cinco restantes en *pro indiviso.* Los cinco condueños presentaron esa escritura en el registro de la propiedad con $5 en sellos de rentas internas para que fuese inscrita a nombre de ellos la adjudicación de una parte de la finca, pero el registrador les devolvió el documento por haberse negado esos condueños a entregarle $6 más en sellos de rentas internas, que según él faltan para completar los derechos que devenga la inscripción de los condominios a favor de los cinco condueños,

porque el valor del inmueble objeto de la división de la comunidad o sea la finca principal, es de $1,610, correspondiendo a cada condueño la suma de $2 en sellos por ser el valor de su condominio $138, de acuerdo con el No. 5 del arancel, por exceder el valor de la finca principal de $1,000. Contra esa resolución fué interpuesto este recurso gubernativo.

La Ley No. 32 de 30 de noviembre de 1917 (tomo 2°. de las leyes de ese año, página 309) enmendando la ley asignando sueldos a los registradores de la propiedad, dispone en el arancel No. 5 que por cada inscripción o anotación y consiguientes notas marginales que no estén comprendidas en los números precedentes se cobrarán las cantidades que fija a continuación, apareciendo que por las inscripciones o anotaciones extensas se cobrarán $2 por cada finca o derecho cuyo valor sea de $100 a $200. Y al final de este arancel se dice que cuando el valor de la finca o derecho no exceda de $1,000 y fuera adquirido por varias personas *pro indiviso,* no se cobrará la inscripción a cada persona, sino por la suma total de los valores de las participaciones, y en la proporción que concierna a cada persona.

Según ese arancel cada condueño ha de pagar de acuerdo con el valor de su condominio, a menos que el valor total de la finca que ha de ser inscrita en *pro indiviso* no exceda de mil dólares, en cuyo caso se cobrará por la suma total de los valores de las participaciones. En este caso el valor total de los condominios que se tratan de inscribir es de $690 y no excede por tanto de $1,000, por lo que de acuerdo con la excepción contenida en el arancel no se cobrará la inscripción a cada persona sino de acuerdo con el total de dichos valores; pero para solicitar el registrador $6 más sobre los $5 que le fueron entregados se funda en que el valor de la finca principal de donde se hace la segregación es superior a $1,000 por lo que entiende que no es aplicable la expresada excepción.

Es cierto que la finca original vale $1,610, y seguramente

que de acuerdo con esa cantidad fueron cobrados los derechos de arancel cuando la finca fué inscrita a favor de los seis condueños, pero ahora no se trata de inscribir esa finca sino una parte de ella como una nueva finca a favor de los cinco recurrentes por lo que el valor total de la porción que se trata de inscribir es el que hay que tener en cuenta para el cobro de los derechos, y como ese valor es de $690 no puede cobrarse la inscripción a cada condueño sino por el valor total de la finca o derecho que se pretende inscribir. La opinión del Procurador General en que se funda el registrador (Opiniones del Procurador General de Puerto Rico, Vol. IX de 1920, pág. 83) no es aplicable a este caso, porque en aquel caso se trataba de la venta de una finca valorada en $1,100 hecha a cuatro personas en comunidad.

*La resolución recurrida debe ser revocada para que el Registrador proceda de acuerdo con esta opinión.*